UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AQUEIS HARPER,

    Plaintiff,

v.

TOKIE UWANAKA

    Defendants

Case No.
Hon.

_____

ROBERT M. GIROUX (P47966)
CHRISTIAN P. COLLIS (P54790)
GIROUX PAPPAS TRIAL ATTORNEYS, P.C.
Attorney for Plaintiff
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665; Fax (248) 308-5540
ccollis@greatmiattorneys.com

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, AQUEIS HARPER, by and through his attorneys, GIROUX PAPPAS TRIAL ATTORNEYS, and for his Complaint, states as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth Amendment of the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States

Code, §§ 1983 and 1988, and United States Constitution, including the Fourth and/or Fourteenth Amendments.

2. At all times relevant, Plaintiff AQUEIS HARPER (hereinafter "HARPER") was a citizen of the City of Grand Rapids, State of Michigan and a resident of this judicial district.

3. At all times relevant, Defendant TOKIE UWANAKA (hereinafter "UWANAKA"), was a Michigan resident, was acting under color of law as a Parole Officer at the Michigan Department of Corrections, engaging in the exercise of a governmental function and conduct within the course, scope and authority of his employment/agency with the Michigan Department of Corrections.

4. That the Court has jurisdiction of this action under the provisions of Title 28 of the United States Code, Sections 1331 and 1343, and has supplemental jurisdiction under 28 U.S.C. § 1367 for all state claims that arise out of the nucleus of operative facts common to Plaintiff's federal claims.

5. That the amount in controversy exceeds the amount of $75,000.00, and pursuant to 28 U.S.C. §1332, this action is otherwise within the jurisdiction of this Court.

6. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391. All Defendants reside and may be found in the Western District of Michigan and all of the events giving rise to these claims occurred in this district.

7. That this Court has authority pursuant to 42 U.S.C. § 1983 to award appropriate actual, consequential, compensatory, and punitive damages, and has authority under 42 U.S.C. § 1988 to award attorney fees and costs to successful civil rights plaintiffs.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates each *preceding* paragraph as if fully restated.

9. That on or about February 1, 2022, a black male was identified as stealing clothing at Forever 21 in the Briarwood Mall. This individual was presumed to be HARPER.

10. On February 3, 2022, security was notified and attempted to make contact with the shoplifter from February 1, 2022. When contacted, the shoplifter did not stop and pepper sprayed Officer Jonathan Tabor of the Kentwood Police Department and Bradley Poleski of Briarwood Mall Security. The shoplifter fled the scene after the incident.

11. On February 8, 2022, the prosecutor's office reviewed the case and authorized charges against HARPER, identified by witnesses as the shoplifter.

12 On February 15, 2022, HARPER was arrested and lodged on the warrants from the Kentwood Police Department and Michigan Department of Corrections with no bond and held at Kent County Jail.

13. At this time, Harper had been on parole, with his parole agent being Defendant UWANAKA, and as a result of these pending charges, Defendant pursued charges arising out of an alleged parole violation.

14. On March 3, 2022, HARPER provided an alibi for the events that led to his arrest, and a witness lineup was completed.

15. Multiple witnesses identified Corey Paulateer as the individual involved in shoplifting and pepper spraying Officer Tabor and Mall Security Poleski; i.e. Harper was innocent.

16. On March 4, 2022, a Motion for Nolle Prosequi was granted and the case was dismissed without prejudice against HARPER.

17. On March 18, 2022, UWANAKA confirmed the case was dismissed by the court when confirming a hearing for HARPER had been adjourned.

18. On. March 22, 2022, a hearing was placed on the record indicating that HARPER was misidentified as the suspect which warranted a dismissal of all charges; he was to be reinstated on parole with a release date of March 29, 2022.

19. Per Defendant's parole records, on March 2, 2022, the felony warrant was dropped against HARPER AND Defendant UWANAKA was aware of the same; but Plaintiff was not released and remained incarcerated for a parole violation.

20. Although there was no probable cause, instead of releasing Plaintiff at that time, Plaintiff remained incarcerated at the Kent County Jail for this alleged parole violation as a result of Defendant's willful decision.

21. Instead of investigating exculpatory information that was readily available to him, Defendant UWANAKA intentionally caused Plaintiff to be unlawfully restrained, under pretense that he had violated the law by violating parole, said acts constituting false arrest and false imprisonment.

22. Defendant UWANAKA was acting within the scope of his employment for the Michigan Department of Corrections and under color of law as a Correction Officer.

23. That HARPER was wrongfully incarcerated from March 2, 2022, until March 29, 2022.

24. At the time of HARPERS's wrongful arrest and incarceration, other exculpatory information was readily available to all Defendants.

## COUNT I
### VIOLATIONS OF 42 U.S.C. 1983: FALSE DETENTION, ARREST, IMPRISONMENT AND CONFINEMENT

25. Plaintiff incorporates each *preceding* paragraph as if fully restated.

26. That HARPER was a citizen of the United States and all of the individual Defendants are persons under 42 U.S.C. § 1983.

27. At all times relevant, HARPER had a clearly established right under the Fourth and Fourteenth Amendments to the United States Constitution.

28. That in arresting, restraining and imprisoning Plaintiff for erroneous parole violations, Defendant was deliberately indifferent and therefore not entitled to qualified immunity.

29. That the conduct of Defendant exhibited a reckless disregard for Plaintiff's clearly established rights in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, and of 42 USC Section 1983 in the following ways:

   a. Deliberately failing to check files and computer information available to them that would have given them pertinent information on Aqueis Harper;

   b. Following Plaintiff's arrest, Defendant failed to make any effort to perform basic investigative police work that would have easily exonerated Plaintiff as a suspect;

   c. Deliberately failing to timely arraign Plaintiff;

   d. Failing to order Plaintiff's release when Defendant knew that Plaintiff did not commit the crimes he was falsely charged with;

   e. Any other violations that become known during the course of discovery.

30. Had Defendant done any of these things Plaintiff would have been released from prison for his alleged parole violation when the erroneous criminal charges were dropped.

31. That the conduct of Defendant exhibited a reckless disregard for Plaintiff's clearly established rights in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, and of 42 USC Section 1983.

32. That the actions and omissions by Defendant was unreasonable and performed knowingly, deliberately, intentionally, maliciously, with gross negligence, callousness, and reckless indifference to HARPER'S well-being and in disregard of his safety, with wanton disregard for his right to liberty and freedom of movement.

33. That in causing the deprivation of Plaintiff's Constitutional rights, Defendants failed to follow promulgated policies and departmental policy in the arrest and imprisonment of Plaintiff and other damages stated herein.

34. That the conduct by Defendants violated clearly established statutory and constitutional rights of which a reasonable person would have known.

35. The acts and conduct of the defendants constitute false arrest, and constitute false imprisonment, under the laws of the State of Michigan and under the Fourth Amendment to the United States Constitution.

36. That as a direct and proximate result of the aforementioned conduct and omissions of Defendants individually, Plaintiff was deprived of his right to liberty without due process of law, his right to equal protection of the laws, and the

due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

37. That as a direct and proximate result of the aforementioned unlawful conduct and omissions of Defendants, Plaintiff suffered fear, pain, anguish, and the following damages:

      a. annoyance, vexation, and humiliation suffered by plaintiff from the inception of the arrest;

      b. loss of dignity;

      c. loss of reputation;

      d. Lost income;

      e. Compensatory and punitive damages; and

      f. Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, general, special, compensatory damages and further demands judgment against said Defendants for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II
### 42 U.S.C. 1983 - MALICIOUS PROSECUTION
### ALL INDIVIDUAL DEFENDANTS

38. Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

39. At all times relevant, Plaintiff had a clearly established right to be free from criminal prosecution without probable cause pursuant to the Fourth and/or Fourteenth Amendment to the United States Constitution.

40. At all times relevant, as a probation officer acting under color of law, Defendant was required to obey the laws of the United States, including those laws identified under the Fourth and/or Fourteenth Amendment to the United States Constitution.

41. In violation of Plaintiff's clearly established constitutionally protected rights under the Fourth Amendment to the United States Constitution, Defendant subjected Plaintiff to an unjustified, malicious criminal prosecution.

42. Defendant influenced and/or participated in the prosecution against Plaintiff for a probation violation when he intentionally and deliberately, or with a reckless disregard for the truth, made false statements, material misrepresentations and/or omissions as outlined above.

43. Following Defendant's notice that Plaintiff was not the individual who committed the crime in question and did not violate the terms of his parole, there was no probable cause to have Plaintiff's erroneous parole violation prosecuted.

44. Defendant's decision to violate and continue the violations amounted to an unlawful prosecution of Plaintiff without probable cause.

45. Defendant continued the prosecution of Plaintiff for alleged crimes for

which Defendant knew or had reason to know were without probable cause.

46. Plaintiff suffered a deprivation of liberty as a consequence of the frivolous legal proceedings.

47. The criminal proceedings were ultimately resolved in Plaintiff's favor when he was released from parole, albeit unconstitutionally late.

48. In addition to being in violation of clearly established law, the Defendant's actions were objectively unreasonable under the totality of the circumstances and, therefore, the Defendants are not entitled to qualified immunity.

49. Pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, Defendant is liable to Plaintiff for all damages allowed under federal law and the Michigan damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

50. Defendant's conduct was, and remains, extreme and outrageous, subjecting Defendants to punitive damages.

51. As a direct and proximate result of Defendant's violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a. annoyance, vexation, and humiliation suffered by plaintiff from the inception of the arrest;

    b.    loss of dignity;

    c.    loss of reputation;

    d.    Lost income;

    e.    Compensatory and punitive damages; and

    f.    Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor against Defendant and award compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees.

## COUNT III
### WILLFUL AND WANTON MISCONDUCT, DELIBERATE INDIFFERENCE/GROSS NEGLIGENCE

52. Plaintiff incorporates each *preceding* paragraph as if fully restated.

53. At all times relevant herein, Defendant owed to Plaintiff the following duties, including but not limited to:

    a.    To use due care to ascertain whether the Plaintiff was the actual person being sought, especially in light of the fact of the Plaintiff's protestations of innocence and the information made known to Defendant prior to, at the time of and after arresting him;

    b.    To avoid violating Plaintiff's parole and causing his incarceration for the same when he had committed no violation of law and Defendant knew of the same;

    c.    Deliberately failing to timely arraign Plaintiff;

    d.    To release Plaintiff from prison for a false parole violation upon notice of the same;

    e.    To follow all state statutes, regulations, municipal ordinances, and department policy designed to protect against the jailing of innocent people and to ensure the identity of those arrested;

    f.    To preserve the peace and protect the lawful rights of citizens; and,

    g.    Other acts and omissions under investigation at this time.

54.    At all times relevant herein, Defendant acted with gross negligence and recklessly, willfully, wantonly, maliciously, intentionally, knowingly, and/or deliberately breached one or more of the aforesaid duties by:

    a.    Failing to use due care to ascertain whether the Plaintiff was the actual person being sought, especially in light of Plaintiff's protestations of innocence and the information made known to the Defendant prior to and after his arrest;

    b.    Violating Plaintiff's parole and causing his incarceration for the same when he had committed no violation of law and Defendant knew of the same

    c.    Wrongfully imprisoning Plaintiff without a warrant and when he had committed no violation of law;

    d.    Deliberately failing to timely arraign Plaintiff;

    e.    Deliberately refusing to perform basic investigative work, such as conducting interviews, questioning the suspect, who was already in custody, which would have easily demonstrated that Plaintiff was not the suspect

       sought and had not violated his parole;

    f.    Failing to follow state statutes, regulations, municipal ordinances, and department policy designed to protect against the jailing of innocent people and to ensure the identity of those arrested;

    g.    Failing to protect the lawful rights of citizens; and

    h.    Other failures and breaches of duty under investigation.

55. Defendant breached his aforementioned duties and were willful and wanton and/or grossly negligent, as defined by statute, to wit: MCL§ 691.1407, when he conducted himself in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury would result.

56. As a direct and proximate result of Plaintiff's continuing false arrest and detention, and Defendants aforementioned wrongful conduct, Plaintiff suffered serious and permanent injuries, loss of wages, extreme mental anguish, anxiety, embarrassment, pain and suffering, loss of enjoyment of life, fear, shock, and humiliation, all past, present and future.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, general, special, compensatory damages and further demands judgment against said Defendants for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT V – STATE CLAIMS
## FALSE IMPRISONMENT

57. Plaintiff incorporates each *preceding* paragraph as if fully restated.

58. At all times relevant, Plaintiff was innocent of the charge on which he was arrested and did not commit a parole violation.

59. That the Defendant gathered information which he knew or should have known to be false and utilized said information to secure the false arrest and imprisonment of the Plaintiff.

60. That on or about February 15, 2022, based upon the actions of the Defendants, Plaintiff was unlawfully, falsely, and wrongfully arrested and imprisoned in the Kent County Jail on the false charge that he violated his parole.

61. That the Plaintiff was physically restrained and deprived of his personal liberty and freedom of movement for a period of nine days.

62. That the imprisonment and restraint of the plaintiff was against his will and without his consent.

63. That the actions of the Defendants by falsely detaining Plaintiff and falsely holding Plaintiff for an erroneous parole violation constitutes false imprisonment and false arrest, which was accomplished by the unlawful exercise or show of force by the Defendant and the improper use of police power thereby compelling Plaintiff to remain where he did not wish to remain, and go where he did not wish to go.

64. That the deprivation of the plaintiff's personal liberty and freedom was unreasonable, unnecessary, and unlawful.

65. The acts and conduct of the defendant constitute false arrest, and constitute false imprisonment, under the laws of the State of Michigan.

66. That as a direct and proximate result of Defendant's false imprisonment, false arrest, and investigation, Plaintiff HARPER has suffered physical pain and suffering, emotional distress, mental anguish, injuries to his reputation, pecuniary loss, humiliation, mortification, embarrassment, loss of freedom and liberty, together with injuries.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, general, special, compensatory damages and further demands judgment against said Defendants for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VI – STATE CLAIMS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff incorporates each *preceding* paragraph as if fully restated.

68. At all times relevant herein, Defendant knew that Plaintiff did not commit the crimes at issue and did not violate his parole terms, and despite that, Defendant intentionally failed to effectuate Plaintiff's from jail for the same.

69. Defendant's intentional decision to have Plaintiff remain incarcerated for a parole violation Defendant knew to be false—in violation of policies and procedures and the law—was undertaken with malice and/or wanton or reckless disregard to Plaintiff to cause Plaintiff additional emotional distress.

70. The described intentional conduct of Defendant directly and proximately caused severe emotional distress during his erroneous incarceration.

71. Plaintiff has suffered severe psychological and emotional injury as a direct and proximate result of Defendant's intentional infliction of emotional distress, including:

   a. Mental anguish;
   b. Shock;
   c. Emotional distress;
   d. Denial of social pleasures and enjoyment;
   e. Embarrassment, humiliation or mortification;
   f. Medical bills and expenses, past and future;
   g. Humiliation and embarrassment
   h. Other economic loss;
   i. Any and all injuries later discovered or otherwise allowed under Michigan law.

WHEREFORE, Plaintiff demands judgment against Defendant for actual, general, special, compensatory damages and further demands judgment against said Defendant for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /**s**/ *Christian P. Collis*<br>CHRISTIAN COLLIS (P54790)<br>ROBERT M. GIROUX (P47966)<br>Giroux Pappas Trial Attorneys, PC<br>Attorneys for Plaintiff<br>28588 Northwestern Highway,<br>Suite 100<br>Southfield, Michigan 48034<br>(248) 531-8665 |
| Dated:  January 29, 2024 | ccollis@greatMIattorneys.com |

<div style="text-align:center">

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

</div>

| | |
|---|---|
| AQUEIS HARPER, | Case No. |
| | Hon. |
| Plaintiff, | |
| v. | |
| TOKIE UWANAKA | |
| Defendants | |

ROBERT M. GIROUX (P47966)
CHRISTIAN P. COLLIS (P54790)
GIROUX PAPPAS TRIAL ATTORNEYS, P.C.
Attorney for Plaintiff
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665; Fax (248) 308-5540
ccollis@greatmiattorneys.com

___

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiff hereby relies upon his previously filed Jury Demand and demands trial by jury for all of the issues so triable.

<div style="margin-left:50%">

Respectfully submitted,
/s/ *Christian P. Collis*
CHRISTIAN COLLIS (P54790)
ROBERT M. GIROUX (P47966)
Giroux Pappas Trial Attorneys, PC
Attorneys for Plaintiff
28588 Northwestern Highway,
Suite 100
Southfield, Michigan 48034
(248) 531-8665
ccollis@greatMIattorneys.com

</div>

Dated:  January 29, 2024